IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MICHAEL E. D,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>　　　　　　　Defendant. | MEMORANDUM DECISION AND<br>ORDER AFFIRMING DECISION OF THE<br>COMMISSIONER<br><br>Case No. 2:19-cv-332 DBP<br><br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Michael D, a former beer brewer, tutor and ski technician, applied for disability and disability insurance benefits, claiming he could no longer work due to rheumatoid arthritis, fibromyalgia, insomnia and complex regional pain syndrome. Plaintiff seeks judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits. After careful review of the entire record, the parties' briefs and relevant case law, the undersigned rules as set forth herein and affirms the Commissioner's final decision.[1]

## BACKGROUND

Mr. D,[2] filed for benefits alleging disability beginning November 1, 2012, due to rheumatoid arthritis, fibromyalgia, insomnia and complex regional pain syndrome. (Tr. 171).[3]

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 14.) See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1.

[3] Tr. refers to the transcript of the administrative record before the court.

Plaintiff's last insured date is June 30, 2017. Under the regulations Plaintiff must establish

disability on or before that date to get benefits. *See* 20 C.F.R. § 404.101(a), 20 C.F.R. §

404.1512(a). To establish disability, Mr. D must show that he has an

> inability to engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result in
> death or which has lasted or can be expected to last for a continuous period of not
> less than 12 months …." 42 U.S.C. § 423(d).

Following an initial denial of benefits, Plaintiff requested and received a hearing before

an administrative law judge (ALJ). After the hearing, the ALJ rendered a decision according to

the five-step sequential evaluation process. *See* 20 CFR 404.1520(a) (describing the five-step

evaluation process); *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-

step framework the Social Security Administration uses to determine disability). At step two, the

ALJ found that Mr. D had the severe impairments of rheumatoid arthritis, fibromyalgia and

complex regional pain syndrome. (Tr. 18). After finding Mr. D's impairments did not meet or

equal a listed impairment, *see* 20 C.F.R. § 404, Subp P. Appx 1 (20 C.F.R. 404.1520(d),

404.1525 and 404.1526), the ALJ next found that Plaintiff had the residual functional capacity

(RFC) to perform light work with additional limitations.[4]

Plaintiff's prior work experience includes work as a brewer in a beer brewery, a ski

technician, a golf course groundskeeper and a high school math and science tutor. (Tr. 57). The

vocational expert testified that past work as a tutor and ski technician was performed at a light

exertional level. Based on Mr. D's RFC and in comparing the demands of those past jobs, the

ALJ found Mr. D. could perform his past relevant work as a tutor and ski technician. Thus,

---

[4] These additional limitations include: "can lift and carry 20 pounds occasionally and 10 pounds frequently. Can sit
six hours total and can stand six hours total in an eight-hour workday. Can frequently reach (including overhead),
handle finger, and feel bilaterally. Can frequently climb ramps and stairs, but cannot climb ladders, ropes or
scaffolds. Can frequently balance, stoop, and kneel. Can occasionally crouch and crawl. Should avoid even
moderate exposure to hazards, such as machinery and unprotected heights." Tr. 19.

Plaintiff was found not disabled under the regulations at Step Four of the required sequential process. The Appeals Council subsequently denied review, making the ALJ's decision the Commissioner's final decision for purposes of review. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir.2003). Mr. D seeks review of the Commissioner's decision.

## STANDARD OF REVIEW

As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504 (2019) (quoting 42 U.S.C. § 405(g)). Substantial evidence is a "'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Id.* at 1154. Under the substantial evidence standard, the threshold for evidentiary sufficiency is "not high." *Id.* Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations and citations omitted). Under this deferential standard, the court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

## DISCUSSION

Plaintiff initially takes issue with the ALJ's decision at Step two arguing the ALJ erred by failing to determine whether Plaintiff's anxiety and depression are severe impairments. This argument fails. An impairment is "severe" if it "significantly limits [an individual's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A claimant must make only a de minimis showing to advance beyond step two. *See Langley v. Barnhart*, 373 F.3d 1116,

1123 (10th Cir.2004). Thus, a claimant need only establish and an ALJ need only find, one severe impairment. *See Oldham v. Astrue*, 509 F.3d 1254, 1256–57 (10th Cir.2007) (noting that, for step two, the ALJ explicitly found that the claimant "suffered from severe impairments," which "was all the ALJ was required to do"). The Tenth Circuit identified the reason behind this framework as "grounded in the Commissioner's regulation describing step two, which states: 'If you do not have a severe medically determinable physical or mental impairment ... or a combination of impairments that is severe ..., we will find that you are not disabled.'" *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). As long as an ALJ finds one severe impairment, then benefits may not be denied at step two and the analysis continues. "Thus, the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe." *Allman*, 813 F.3d at 1330. Here, the ALJ found three other impairments severe.

Plaintiff's next argument raises allegations of improper cherry picking. Mr. D argues the ALJ "dramatically misrepresented" the evidence when considering the effectiveness of Plaintiff's medications at controlling his symptoms. According to Plaintiff, the ALJ's own citations, when considered in their entirety, do not support the ALJ's decision. Mr. D. provides some specific examples: (1) The ALJ states: "Treatment notes from 2012 indicate that the claimant's rheumatoid arthritis symptoms responded well to treatment, with only minor hand and shoulder pain on medications." (Tr. 20). The record cited to by the ALJ, however, also provides that "He denied side effects except for marked insomnia." (Tr. 414). Something which, the ALJ failed to mention; (2) The ALJ points to medical records from 2013 that "continued to document adequate control of the claimant's rheumatoid arthritis with medication management." Having noted that, the ALJ failed, according to Plaintiff, to account for "morning stiffness, significant

4

medication side effects, and multiple major flares." (ECF No. 16 p. 8.) (3) The ALJ provides: "[Plaintiff's] symptoms persisted, with occasional flare-ups, despite multiple adjustments to his medications. Nevertheless, treatment records throughout 2014 indicated that his symptoms could be managed with medications, with only minimal side effects." (Tr. 19). Yet, the treatment notes cited to by the ALJ from 2014 indicate "no real benefit with the Xeljanz" and Plaintiff "continued to have progressive side effects from Prednisone."

Although the ALJ here does not discuss every piece of evidence, something which an ALJ is not required to do, *see Haga v. Astrue*, 482 F.3d 1205, 1206 (10th Cir. 2007), a close reading of the ALJ's decision indicates he was more thorough than Plaintiff alleges. For example, the ALJ stated the 2012 treatment notes showed "reported weight gain on his medications." (Tr. 20). The ALJ provides that the 2013 treatment notes indicate that Plaintiff "continued with some morning stiffness and occasional moderate pain" and "experienced occasional flare-ups of his symptoms, and noted issues with acne, weight gain, and abdominal issues associated with his treatment." (Tr. 20). This directly contradicts Plaintiff's argument that the ALJ failed to consider the morning stiffness or side effects. And for 2014, the ALJ specifically noted that "Despite managing his arthritis with medications, the claimant reported persistent problems with self-described full body pain." (Tr. 21). Mr. D. urges the court to follow *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir.1996). In *Clifton*, the Tenth Circuit held that the ALJ is not required to discuss every piece of evidence, but "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id.* 1009-10. This case is not analogues to *Clifton*. In *Clifton*, the ALJ "did not discuss the evidence or his reasons for determining that appellant was not disabled at step three, or even identify the

relevant Listing or Listings; he merely stated a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment." *Clifton* 79 F.3d 1007 at 1009. Those bare conclusions were "beyond meaningful judicial review." *Id.* Here, however, the record demonstrates as noted above, that the ALJ considered all the evidence, the ALJ simply disagreed with Plaintiff's view of the evidence. As such, the court finds there is substantial evidence in the record to support the ALJ's decision. *See Biestek*, 139 S. Ct. at 1157.

CONCLUSION

Because the ALJ's decision is supported by substantial evidence and legally sound, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).

DATED this 13 May 2020.

_____
Dustin B. Pead
United States Magistrate Judge